UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

KENDU GERALDS,                                                             11 CV 05625 (SJ/RML)

**THIRD-PARTY COMPLAINT**

Plaintiff,

- against -

(filed by ECF)

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF SANITATION & VATORE F. DAMIANO,

Defendants.

------------------------------------------------------------------------x

THE CITY OF NEW YORK and SALVATORE DAMIANO,

Third-Party Plaintiffs,

- against -

DAWN KURAS and DANIEL MANZELLA,

Third-Party Defendants.

------------------------------------------------------------------------x

        Defendants and Third-party Plaintiffs, THE CITY OF NEW YORK and SALVATORE DAMIANO, by and through their undersigned attorneys, files this its Third-Party Complaint, complaining of DAWN KURAS and DANIEL MANZELLA, Third-party Defendants, and for causes of action respectfully alleges as follows:

## A. PARTIES

1. The third party plaintiff, The City of New York, is a Municipal corporation, existing by virtue of the laws of New York State. The third party plaintiff, Salvatore Damiano, is a resident of the City and State of New York.

2. The third party defendants, DAWN KURAS and DANIEL MANZELLA, are residents of the City and State of New York.

## B. JURISDICTION

3. The original, underlying action has been brought on grounds of diversity pursuant to 28 U.S.C. § 1332(a)(1), plaintiff having alleged that he was a resident of North Carolina at the time the action was commenced. This Court has supplemental jurisdiction over these third-party claims, pursuant to 28 U.S.C. § 1367, because they "form part of the same case or controversy." The amount in controversy exceeds $75,000.

## C. FACTS

4. Plaintiff sued defendants for personal injuries arising out of motor vehicle accident that occurred in the County of Richmond (Staten Island), State of New York. Attached to this third party complaint as Exhibit "A," and incorporated herein without admitting the truth of any of the allegations therein, and without prejudice to the interests of the third party plaintiff, is a true copy of plaintiff's Summons and Complaint.

5. A copy of the defendants' Answer is attached hereto as Exhibit "B."

6. At the time and place of the accident, the front of the New York City Department of Sanitation vehicle, being driven by its employee, Salvatore Damiano, came into contact with the rear of a trailer being towed by the vehicle in which plaintiff had been a passenger. Upon information and belief, the plaintiff was outside of the vehicle when the accident occurred.

7. Ms. Kuras was the driver of the vehicle in which plaintiff had been a passenger at the time of the accident.

8. Mr. Manzella owned the vehicle in which plaintiff had been a passenger at the time of the accident.

9. Ms. Kuras was driving the vehicle with Mr. Manzella's permission and consent.

10. Prior to the accident, Ms. Kuras, Mr. Manzella, and/or their agents, servants and/or employees, improperly and negligently loaded the trailer being towed by Mr. Manzella's vehicle at the time of the accident.

11. Ms. Kuras, Mr. Manzella, and/or their agents, servants and/or employees, improperly and negligently hitched the trailer to the vehicle.

12. Due to the improper and negligent loading and hitching of the trailer, Ms. Kuras brought the vehicle to a stop in a travel lane of a highway exit ramp and/or service road.

13. Ms. Kuras negligently parked the vehicle in a travelling lane of the highway for a significant period of time and without justification.

14. Ms. Kuras failed to use brake lights, hazard lights, or other warning devices while stopped.

15. Ms. Kuras discharged Mr. Geralds from, or permitted him to exit, the vehicle, when and where it was unreasonably safe to do so.

### D. FIRST CAUSE OF ACTION

16. If the plaintiff was caused to sustain the damages at the time and place as alleged in the complaint through any negligence or want of due care other than the negligence or want of due care on the part of the plaintiff, then said damages were sustained by reason of the negligence and want of due care, by acts of commission or omission on the part of third party

defendants, DAWN KURAS and DANIEL MANZELLA, their agents, servants and/or employees; and if any judgment is recovered herein by the plaintiff against the third party plaintiffs, then the third party plaintiffs will be damaged thereby and third party defendants, DAWN KURAS and DANIEL MANZELLA, will be responsible therefor in whole or in part.

17. That by reason of the foregoing, DAWN KURAS and DANIEL MANZELLA, will be liable to the third party plaintiffs in the full amount of a recovery herein by the plaintiff, or, for that proportion thereof caused by the relative responsibility of the third party defendants, DAWN KURAS and DANIEL MANZELLA, and for all costs and expenses, no part of which has been paid to the third party plaintiffs.

### E. PRAYER FOR RELIEF

**WHEREFORE**, third party plaintiffs demand judgment over and against third party defendants, DAWN KURAS and DANIEL MANZELLA, for all, or to the extent that the responsibility of third party defendants, DAWN KURAS and DANIEL MANZELLA, contributed thereto, for that portion of any verdict or judgment which may be obtained herein by the plaintiff against third party plaintiffs, plus all costs and expenses of this action.

Dated: New York, New York
       May 21, 2012

                MICHAEL A. CARDOZO
                Corporation Counsel
                Attorney for Defendant and
                Third Party Plaintiff

By: _____
     DANIEL L. ADAMS (DA 6891)
     100 Church Street, Room 4-127
     New York, New York 10007